UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
CHAIM LUNGER AND RACHEL LUNGER
on behalf of themselves and
all other similarly situated consumers

                          Plaintiffs,

              -against-


ADAM M. BRASKY, ESQ. AND
RUPP PFALZGRAF LLC

                          Defendants.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiffs Chaim Lunger and Rachel Lunger (collectively "Plaintiffs") seek redress for the illegal practices of Defendants Adam M. Brasky, Esq. ("Brasky") and Rupp Pfalzgraf LLC ("Rupp Pfalzgraf") (collectively "Defendants") concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"), the New York State General Business Law § 349, and the New York State Judiciary Law § 487.

2.    Defendants restrained (and attempted to seize) Plaintiffs' statutorily exempt funds, Defendants in bad faith objected in bad faith to Plaintiffs' notice of exemption without a reasonable basis to do so and refused to withdraw the objection in the face of indisputable documentary evidence that the funds were entirely, statutorily exempt, all for the purpose of attempting to collect funds from Plaintiffs that were from an exempt source in the hopes that Plaintiffs would either default or lose at the hearing on the exemption objection.

### *Parties*

3.     Plaintiffs are citizens of the State of New York who reside within this District.

4.     Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged funds that Defendants illegally attempted to collect from Plaintiffs are consumer funds.

5.     Defendant Brasky is a partner at Rupp Pfalzgraf and according to the firm's website, Brasky "advocate[s] on behalf of banks, credit unions, and other corporate clients through . . . banking and collections practice."[1]

6.     Defendant Rupp Pfalzgraf is a domestic business corporation and a debt collection law firm organized under the laws of the State of New York.

7.     Upon information and belief, Defendant Rupp Pfalzgraf's principal place of business is located in Bufallo, New York.

8.     Defendant Rupp Pfalzgraf is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.     Both Defendants Brasky and Rupp Pfalzgraf are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

10.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

---

[1] https://rupppfalzgraf.com/staff/adam-brasky-associate/ (Last visited July 7, 2023)

*Allegations Particular to Chaim Lunger and Rachel Lunger*

12.    On or around May 1, 2023, Defendant Brasky, illegally attempted to collect, restrain and steal funds in Plaintiffs and their daughter's personal bank account by issuing a restraining notice upon their personal checking account at JP Morgan Chase Bank, for the amount of $12,744.75.

13.    Subsequently, on May 25, 2023, Plaintiffs mailed Defendant Brasky a completed exemption claim form indicating that all the personal funds restrained were from wages while receiving SSI or Public Assistance, income earned within the last sixty (60) days, and income earned by his daughter. (See Exhibit A)

14.    As such, all of the funds in the account were entirely exempt from restraint and garnishment.

15.    In 2008 New York enacted the Exempt Income Protection Act ("EIPA") to better protect "exempt funds from forcible collection—a problem that had reached epidemic proportions in New York State."[2]

16.    EIPA protects statutorily exempt income from restraint, "freeze", or levy and also expedites and standardizes the process for the release of restrained exempt funds.

17.    Under EIPA, when a judgment debtor's bank account is restrained pursuant to a New York restraining notice, the judgment debtor may claim that the funds in the restrained account are exempt by completing an Exemption Claim Form.

18.    If a judgment debtor submits an Exemption Claim Form demonstrating that a restrained account contains exempt funds and the judgment creditor still fails to properly release the

---

[2] Cruz v. TD Bank, N.A., 711 F.3d 261, 270 1 (2d Cir. 2013) (quotation marks omitted). The EIPA "remedied an imbalance in the prior law which unfairly placed the burden on **debtors** to show that their funds were exempt, at a time when they were being deprived access to those funds." (emphasis added) *Distressed Holdings, LLC v. Ehrler*, 976 N.Y.S.2d 517, 521 (2d Dep't 2013).

account or exempt funds, "the judgment creditor shall be deemed to have acted in bad faith and the judgment debtor may seek a court award of the damages, costs, fees and penalties" as provided for. N.Y. CPLR 5222a(c)(4).

19. Under the EIPA, if a judgment creditor objects to a judgment debtor's exemption claim, a "hearing to decide the motion shall be noticed for seven days after service of the moving papers". N.Y. CPLR 5222a(b)(2).

20. At the hearing, "**the burden of proof shall be upon the judgment creditor** to establish the amount of funds that are not exempt". *Id*. (emphasis added) <u>U.S. Equities Corp. v. Casellas</u>, 72 Misc. 3d 874, 883 ("It bears repeating that the executed exemption claim form alone constitutes "prima facie evidence" that the claimed funds are exempt (CPLR 5222-a [d]). "CPLR § 5222—a does not require judgment debtors to supply any supporting documents with their Exemption Claim Form. Thus, a judgment debtor's failure to submit any documents with their Exemption Claim Form does not render the Exemption Claim Form invalid or even suspect")

21. Defendant Brasky nevertheless filed an objection to Lunger's claim of exemption, requesting that the State court find that the funds in Lunger's account were not exempt from garnishment and requested turnover of the restrained funds.

22. In support of the motion, on June 6, 2023, Brasky filed a false "Affidavit or Affirmation in Support" representing that "Judgment Debtor [Lunger] did not submit any documentation in support of his claimed exemptions" and that Lunger had "failed to submit any documentation showing the source of the funds currently restrained in the Restrained Account." and that "in the absence of any evidence supporting Judgment Debtor's claimed exemptions, the full balance restrained in the restrained account,

including all additional non-exempt funds that were deposited into the Restrained Account after May 17, 2023, is subject to garnishment" (See Exhibit B)

23.    Defendants illegally attempted to collect, restrain and steal funds from Plaintiffs' personal bank account. Defendants' tactics were shockingly unjust and unfair in violation of section 1692f, as they required Plaintiffs to prepare needlessly for a hearing that Defendants knew was frivolous and that was intended primarily to harass Plaintiffs and frustrate their exemption claim, and erect procedural and substantive challenges that they, (as pro se,) were ill-equipped to handle.

24.    Defendants actions forced Plaintiffs to engage in a frantic search to try locate an attorney to represent them, in a venue that they were not familiar with and / or pro-se attending such a hearing is expensive, and further forced Plaintiffs to either take unpaid leave from work, incur additional dependent care expenses, and so on, without their access to critical SSRI funds.

25.    Defendants knowingly engaged in this unfair and unconscionable litigation conduct in violation of section 1692f when they in bad faith unduly prolonged legal proceedings and required Plaintiffs to litigate a frivolous and baseless motion and appear at an unnecessary hearing.

26.    It was unlawful for Brasky to restrain the bank account because the funds contained therein were entirely exempt from restraint or execution. Moreover, as mentioned above, the burden of proof rests upon the judgment-creditor, not the debtor, to show that the restrained funds are not exempt and to provide any documentation to prove as such. Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128 (2d Cir. 2017). ("[W]e regard [Defendant's] alleged misrepresentations as material because they concerned the

applicable burden of proof and the substantive law regarding commingling of funds under the EIPA, issues that can reasonably be expected to affect how or even whether a consumer responds to a debt collector's objection to a claim that the restrained funds are exempt from garnishment.")

27.    On or about July 6, 2023, Plaintiff Chaim Lunger called and spoke to Defendant Brasky and requested that Brasky explain his reasoning for objecting to his exemption claim.

28.    During that call, Brasky falsely stated that the burden of proof rested upon the judgment-debtor, to show that the restrained funds were not exempt.

29.    Brasky had no good-faith basis for objecting to the exemption claim, and did so in order to abuse intimidate and steal from the Plaintiffs.

30.    Upon information and belief, it is the pattern and practice of Defendant Brasky to object to such exemption claims whether or not they have a good faith basis for doing so, in order to abuse and steal from consumers. Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128 ("Even if we assume without deciding that a general "materiality" requirement exists under section 1692e, **we regard GMBS's alleged misrepresentations as material because they concerned the applicable burden of proof** and the substantive law regarding commingling of funds under the EIPA, issues that can reasonably be expected to affect how or even whether a consumer responds to a debt collector's objection to a claim that the restrained funds are exempt from garnishment.") (Emphasis added)

31.    Indeed, the objection filed by Attorney Brasky against Plaintiffs is demonstrative to the boilerplate nature of Brasky's objections; as other than changing the name of the consumer, the style of the case, etc., the nature of the objection is language that could

apply to any objection to an exemption claim, with no facts specifically tied to the dispute at issue.

32. The boilerplate nature of the objection suggests Brasky and his Law firm files such objections as a matter of course in response to exemption claims by consumers.

33. Defendant Brasky bases his objection to Plaintiffs' exemption by falsely stating "in the absence of any evidence supporting Judgment Debtor's claimed exemptions, the full balance restrained in the restrained account, including all additional non-exempt funds that were deposited into the Restrained Account after May 17, 2023, is subject to garnishment" (See Exhibit B)

34. Brasky's objection contains contradictions and misrepresentations of law and is abusive because it falsely represents to the least sophisticated consumer that the burden is on the consumer to provide certain documentation <u>when in fact the burden is on the debt collector</u> to provide and affirmation or affidavit to "demonstrate a reasonable belief that such judgment debtor's account contains funds that are not exempt from execution" and further that the affirmation or affidavit "shall not be conclusory, but is required to show the factual basis upon which the reasonable belief is based." NY CPLR 5222a(d).

35. Thus, for a collection law firm that wants to collect and restrain a consumers personal checking an account they must in good faith challenge an exemption, they must possess a "reasonable basis" for any such challenge. That is to say, the burden of proof lies on the collection law firm to demonstrate that the exemption form was inadequate.

36. The FDCPA is a strict liability statute: The Plaintiffs "does not need to show intentional conduct on the part of the debt collector." <u>Ellis v. Solomon & Solomon, P.C.</u>, 591 F.3d 130, 135 (2d Cir. 2010). Congress enacted the FDCPA to "eliminate abusive debt

collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

37.    15 U.S.C. § 1692(e). The Senate report accompanying the legislation noted that debt collection abuse, including the "misrepresentation of a consumer's legal rights," by third-party debt collectors "is a widespread and serious national problem." S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696 [hereinafter Senate Report]. "Because the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." Vincent v. Money Store, 736 F.3d 88, 98 (2d Cir. 2013) (quotation marks omitted).

38.    As mentioned above, it was on May 25, 2023, once Plaintiffs discovered that funds in their personal checking account were being restricted, that they sent an exemption claim form to Defendant Brasky.

39.    Defendant Brasky received Plaintiffs' exemption form on May 31, 2023.

40.    Yet it was only on June 21, 2023, that Plaintiffs were served (at their residence located in Spring Valley, New York,) the Attorney Affidavit along with the judgment creditor's objection to Plaintiffs exemption claim. (See Exhibit C)

41.    A judgment creditor's objection to an exemption claim, must be served on the bank and judgment debtor within eight days after the date postmarked on the envelope containing the executed exemption claim form or the date of personal delivery of the executed exemption claim form to the banking institution.

42.    Defendant Brasky however, illegally and intentionally waited way past the eight-day deadline to serve its opposition motion.

43.   Defendant further illegally filed its fraudulent motion in a jurisdiction that Plaintiffs do not reside.

44.   Additionally, Brasky objected to Plaintiffs' notice of exemption without a reasonable basis to do so and intentionally exceeded the permissible time limit for holding onto the restrained funds. See Hamilton Equity Grp., LLC v. Optimal Care, Inc., 2023 NY Slip Op 23104, ¶ 2 (Sup. Ct.) (Given plaintiff's [creditor's] undisputed failure to satisfy the eight-day service deadline of CPLR 5222-a (d), plaintiff's motion is denied.)

45.   CPLR 5222-a (d) provides that a judgment creditor's objection to an exemption claim must be served on the bank and judgment debtor "within eight days after the date postmarked on the envelope containing the executed exemption claim form or the date of personal delivery of the executed exemption claim form to the banking institution." And the Court of Appeals has held that "[t]o object to an exemption claim, the creditor must timely commence a special proceeding under CPLR 5240 . . . before the expiration of the eight-day objection period." (Cruz v TD Bank, N.A., 22 NY3d 61, 68, 979 N.Y.S.2d 257, 2 N.E.3d 221 [2013].)

46.   Plaintiffs have never resided in Erie County yet Defendants illegally filed the petition in opposition in an improper jurisdiction.

47.   Defendants knew that Plaintiffs residence did not create grounds for venue in the Supreme Court of New York, County of Erie.[3]

---

[3] Langendorfer v. Kaufman, 2011 WL 3682775 (S.D. Ohio Aug. 23, 2011). (A complaint alleging a § 1691i venue violation in the underlying collection litigation was not time-barred, as the court adopted all three alternative bases advanced: the statute of limitations was triggered upon service of process and not the filing of the suit, the unlawful venue claim was subject to the continuing violation rule, and the discovery rule applied.), Canady v. Wisenbaker Law Offices, P.C., 372 F. Supp. 2d 1379 (N.D. Ga. 2005). (The court rejected as a matter of law the attorney collection firm's bona fide error defense since, once it had acquired actual knowledge from its process server that it had filed suit in an improper venue, it failed to follow its own internal procedures that required it to abandon the suit and instead intentionally continued to pursue the collection litigation, obtained a default, and pursued garnishment.)

48.   Plaintiffs were ultimately made aware of the said petition.

49.   Defendants' service of the said Petition upon Plaintiffs violates the FDCPA because this

litigation was commenced in a jurisdiction other than a jurisdiction in which the Plaintiffs

resides, namely, the Supreme Court of New York, County of Erie, and is therefore a

communication in violation of numerous and multiple provisions of the FDCPA including

but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g(b)

and 1692i(a)(2).

50.   Defendants' actions inflicted concrete injury and actual damages upon the Plaintiffs,

including emotional distress that affected their activities of daily living.

51.   Plaintiffs were also damaged in not having access to his exempt funds. They lost time and

incurred expenses by having to challenge a restraint that should never have been issued

and to respond to an exemption objection for which there was no basis other than to steal

their exempt funds, or in hopes of Plaintiffs defaulting at a hearing on the baseless

exemption objection.

52.   Defendants' violation of section 1692f when, as alleged here, it in bad faith unduly

prolongs legal proceedings or requires a consumer to appear at an unnecessary hearing.

53.   Defendants' conduct and representations were unconscionable, as well as false and

misleading and that it had no good faith basis to object to his exemption claim.

54.   Defendants' actions violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

55.   Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the

Defendants.

56.   Plaintiffs suffered actual harm by being the target of the Defendant Brasky's misleading

debt collection communications.

57.    Defendant Brasky violated the Plaintiffs' right not to be the target of misleading debt collection communications.

58.    Defendant Brasky violated the Plaintiffs' right to a truthful and fair debt collection process.

59.    Defendant Brasky used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debt.

60.    Defendant Brasky communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Brasky's collection efforts.

61.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Brasky's false representations misled Plaintiffs in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

62.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

63.    As an actual and proximate result of the acts and omissions of Defendants, Plaintiffs have suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which they should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendants.*

64.    Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through sixty-three (63) as if set forth fully in this cause of action.

65.    This cause of action is brought on behalf of Plaintiffs and the members of three classes.

66.    Class A consists of all persons whom Defendants' records reflect resided in New York who received a communication from Defendants within one year prior to the date of the within complaint up to the date of the filing of the complaint; where the Defendants' conduct and representations were unconscionable, as well as false and misleading and that they had no good faith basis to object to the debtor's exemption claim and Defendants' actions violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

67.    Class B consists of all persons whom Defendants' records reflect resided in New York who received a communication from Defendants within one year prior to the date of the within complaint up to the date of the filing of the complaint; where the Defendants' failed to timely object to Plaintiffs' exemption claim before the expiration of the eight-day objection period and instead intentionally held onto the restrained funds for a longer period of time than permitted. Defendants' actions violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

68.    Class C consists of all persons whom Defendant's records reflect resided in New York who received a communication from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the communication was served in a jurisdiction other than a jurisdiction in which the Plaintiffs resides, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g(b) and 1692i(a)(2).

69.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that form communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendants violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such communications, (*i.e.,* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendants.

    (d) The claims of the Plaintiffs are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

    (e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

70.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

71. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

73. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

74. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter judgment in his favor and against the Defendants and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

### *Violations of the New York State Judiciary Law § 487 against Defendant Brasky*

75. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or

allowance for or on account of any money which he has not laid out, or becomes answerable for."

76. Defendant Brasky violated § 487 by restraining an account without performing any review, much less a meaningful attorney review, of whether the account sought to be restrained contained exempt funds, even after receiving a lawful notice of exemption that was plainly sufficient to release the account; and opposing such lawful claim of exemption as a matter of course without performing any review, much less a meaningful attorney review, of whether the claim of exemption was valid.

77. Defendant Brasky's violations include, but are not limited to:

   (a) Preparing fraudulent, deceptive, and misleading affidavits and affirmations;

   (b) Misrepresenting and misstating the law regarding the Exempt Income Protection Act to the court and to Plaintiffs in court filings;

   (c) Using fraudulent, deceptive, and misleading affirmations in an attempt to obtain access to Plaintiffs' exempt funds under false pretenses.

78. Defendant Brasky committed the above-described acts willfully and knowingly.

79. The violations of § 487 by Brasky inflicted damages for the reasons and in the manner previously indicated.

80. Plaintiffs is entitled to actual damages, treble damages, and attorneys' fees and costs for the violations of N.Y. Judiciary Law § 487 by Brasky, and Plaintiffs so seeks.

## **PRAYER**

WHEREFORE, Plaintiffs requests the following relief:

   (a) A declaration that Defendants have committed the violations of law alleged in this action;

(b) An order enjoining and directing Brasky to cease violating G.B.L. § 349 *et seq*.;

(c) Actual damages;

(d) Statutory damages under 15 U.S.C. § 1692k and GBL § 349;

(e) Treble damages under GBL § 349 and Judiciary Law § 487;

(f) Exemplary and punitive damages under GBL § 349 and Judiciary Law § 487, and for conversion;

(g) An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k and GBL § 349;

(h) Prejudgment and post judgment interest as allowed by law;

(i) All other relief, in law and in equity, both special and general, to which Plaintiffs may be justly entitled.

Dated: Woodmere, New York
July 10, 2023

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiffs request trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

KEYBANK NATIONAL ASSOCIATION,
successor by merger to FIRST NIAGARA BANK, N.A.,

        *Plaintiff/Petitioner/Claimant*        INDEX NO. 805696/2022

    -v-

YM SUPER HOLDING CORP., and        EXEMPTION CLAIM FORM
CHAIM LUNGER,

        *Defendant/Respondent.*

| NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY | NAME AND ADDRESS OF FINANCIAL INSTITUTION |
|---|---|
| (To be completed by judgment creditor or attorney) | (To be completed by judgment creditor or attorney) |
| ADDRESS | ADDRESS |
| A Adam M. Brasky, Esq. | B JPMorgan Chase Bank, N.A. |
| Rupp Pfalzgraf LLC | Attention: Court Orders & Levies Dept. |
| 1600 Liberty Building | 1985 Marcus Avenue |
| Buffalo, New York 14202 | New Hyde Park, New York 11042 |

**Directions:** To claim that some or **all of** the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. ** If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

_____ Social Security
_____ Social Security Disability (SSD)
_____ Supplemental Security Income (SSI)
_____ Public Assistance
___✓___ Wages while receiving SSI or Public Assistance
_____ Veterans' Benefits
_____ Unemployment Insurance
_____ Payments from Pensions and Retirement Accounts
___✓___ Income earned in the last sixty (60) days (90% of which is exempt)
_____ Child Support
_____ Spousal Support or Maintenance (Alimony)
_____ Workers' Compensation
_____ Railroad Retirement or Black Lung Benefits
_____ COVID-19 Tax Relief and Economic Impact Payments
___✓___ Other (describe exemption): THIS IS INCOME OF MY DAUHGT~~ER~~
~~IN 2 A~~

I request that any correspondence to me regarding my claim be sent to the following address:

8 WILSON AVE SPRING VALLEY NY 10977
(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____    _____
DATE                  SIGNATURE OF JUDGMENT DEBTOR

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

KEYBANK NATIONAL ASSOCIATION
successor by merger to FIRST NIAGARA BANK, N.A.,

                                Plaintiff,

          vs.                                                              Index No.:

YM SUPER HOLDING CORP., and
CHAIM LUNGER,

                                Defendants,

_____

JPMORGAN CHASE BANK, N.A., and
CHAIM LUNGER,

                                Respondents.

_____

### **ATTORNEY AFFIDAVIT**

STATE OF NEW YORK          )
                                              )    ss:
COUNTY OF ERIE            )

          ADAM M. BRASKY, ESQ., being duly sworn, deposes and says:


          1.        I am an attorney duly licensed to practice in the courts of the State of

New York and I am an associate with the law firm of Rupp Pfalzgraf LLC, attorneys for

plaintiff/judgment creditor/petitioner KeyBank National Association, successor by merger to

First Niagara Bank, N.A. ("Petitioner").  I am familiar with the facts contained in this affidavit.

2.      I submit this affidavit in support of Petitioner's petition for an order

(1) modifying Petitioner's property execution to exclude exempt funds, if any, of respondent

Chaim Lunger on deposit with JPMorgan Chase Bank, N.A. (2) upholding Petitioner's property

execution with respect to the non-exempt funds, and (3) directing JPMorgan Chase Bank, N.A.

to turn over to Petitioner's counsel, Rupp Pfalzgraf LLC, all non-exempt funds of respondent

Chaim Lunger currently on deposit.

3.      On or about September 22, 2022, in an action commenced in Erie County

Supreme Court filed under Index No. 805696/2022, Petitioner, as plaintiff, recovered a judgment

against the defendant/judgment debtor Chaim Lunger ("Judgment Debtor") in the sum of

$28,676.91 (the "Judgment"). A copy of the Judgment is attached as Exhibit A. As of the date

of this Petition, the sum of $28,676.91, plus costs and interest from September 22, 2022, remains

due and owing from Judgment Debtor to Petitioner pursuant to the Judgment.

4.      On April 25, 2023, your deponent's office served a notice to judgment

debtor, pursuant to CPLR § 5222-a, upon Judgment Debtor. A copy of the notice to judgment

debtor is attached as Exhibit B.

5.      On May 1, 2023, Petitioner, through your deponent's office, served an

information subpoena with questions and answers, together with a restraining notice and two

copies of an exemption claim form, upon JPMorgan Chase Bank, N.A. ("Chase Bank"). Copies

of the information subpoena, questions and answers, restraining notice, and exemption claim forms are attached as Exhibit C.

6.  On or about May 17, 2023, Chase Bank responded to Petitioner's information subpoena indicating that that it had in its possession the following bank account (the "Restrained Account") of the Judgment Debtor: account with an account number ending in 6799. A copy of Chase Bank's response to Petitioner's information subpoena is attached as Exhibit D.

7.  According to Chase Bank, as of May 17, 2023, the full non-exempt balance of $12,744.75 contained in the Restrained Account was restrained pursuant to Petitioner's restraining notice.  *See* Exhibit D.

8.  On or about May 31, 2023, your deponent received an exemption claim form from Judgment Debtor arguing that the funds restrained in the Restrained Account were exempt from garnishment as wages while receiving SSI or Public Assistance, income earned within the last sixty (60) days, and/or as income of his daughter.  A copy of Judgment Debtor's exemption claim form, with supporting documentation, is attached as Exhibit E.

9.  Judgment Debtor did not submit any documentation in support of his claimed exemptions and, accordingly, Petitioner now makes this petition for turnover of the restrained funds.

10.     To date, Judgment Debtor has failed to submit any documentation supporting his claimed exemptions, and he has failed to submit any documentation showing the source of the funds currently restrained in the Restrained Account.

11.     Based on the foregoing, in the absence of any evidence supporting Judgment Debtor's claimed exemptions, the full balance restrained in the Restrained Account, including all additional non-exempt funds that were deposited into the Restrained Account after May 17, 2023, is subject to garnishment by Judgment Debtor's creditors, in this case, Petitioner.

12.     No previous application has been made for the relief sought herein.

**WHEREFORE**, Petitioner respectfully requests that this Court issue an order: (1) modifying Petitioner's property execution to exclude exempt funds, if any, of respondent Chaim Lunger on deposit with JPMorgan Chase Bank, N.A. (2) upholding Petitioner's property execution with respect to the non-exempt funds, and (3) directing JPMorgan Chase Bank, N.A. to turn over to Petitioner's counsel, Rupp Pfalzgraf LLC, all non-exempt funds of respondent Chaim Lunger currently on deposit.

_____
Adam M. Brasky

Sworn to before me this
6th day of June, 2022.

_____
Notary Public

Barbara J. Hyland
Notary Public, State of New York
Qualified in Erie County
My Commission Expires December 6, 20 25
Lic. No. 01HY5021094

- 4 -

# EXHIBIT C

## AFFIDAVIT OF SERVICE

**SUPREME COURT OF THE STATE OF NEW YORK-COUNTY OF ERIE**

Index Number: **806983/2023**   Court Date: 07/11/2023 1:00 PM
Date Filed: **06/07/23**

Plaintiff(s):
**KEYBANK NATIONAL ASSOCIATION**
**SUCCESSOR BY MERGER TO FIRST NIAGARA BANK, N.A.,**
vs
Defendant(s):
**YM SUPER HOLDING CORP., AND CHAIM LUNGER,**

**JPMORGAN CHASE BANK, N.A., AND CHAIM LUNGER,**
**RESPONDENTS**

STATE OF NEW YORK
COUNTY OF DUTCHESS SS.:

**Roberto Cedeno**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of New York.

On **06/20/2023** at **6:53 PM**, deponent served the within **NOTICE OF PETITION, PETITION,  ATTORNEY AFFIDAVIT WITH EXHIBITS A-E, AND NOTICE OF ELECTRONIC FILING on CHAIM LUNGER** at **8 WILSON AVENUE, SPRING VALLEY, NY 10977** by affixing the aforementioned documents to the door of **CHAIM LUNGER**'s said residence, since admittance could not be obtained upon reasonable application or a person of suitable age and discretion found who would receive same.

Deponent made prior effort to effect personal service upon **CHAIM LUNGER** at the aforementioned address to wit:

06/14/2023 2:22 PM 8 WILSON AVENUE, SPRING VALLEY, NY 10977 NO ANSWER AT DOOR
06/17/2023 7:57 AM 8 WILSON AVENUE, SPRING VALLEY, NY 10977 NO ANSWER AT DOOR
06/20/2023 6:53 PM 8 WILSON AVENUE, SPRING VALLEY, NY 10977 NO ANSWER AT DOOR

On 06/21/2023 Deponent also deposited a copy of same in one first-class envelope and in one certified postpaid sealed  envelope  bearing the words "Personal & Confidential" properly addressed to CHAIM LUNGER  at 8 WILSON AVENUE, SPRING VALLEY, NY 10977  in an official depository under exclusive care and custody of the United States Postal Service within the State of NEW YORK.  The envelopes did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the respondent.

**Comments:**
8 UNIT BUILDING. ADDRESS CONFIRMED WITH NEIGHBOR IN ANOTHER UNIT

Subscribed and Sworn to before me on June 23, 2023

X _____
**Roberto Cedeno**
Job #: 130791

HAYDEE BRITO
NOTARY
PUBLIC
Exp. July 13, 20__
DUTCHESS COUNTY
No. 01BR632717
STATE OF NEW YORK